SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE_____

HILLVIEW FARMS TRUCKING INC.

4303 Rt. 20A
Warsaw, NY 14569

                              Plaintiff(s),


                        v.                              **SUMMONS**

                                                        Index No.

THOMAS T. WESOLOWSKI

29 Ludwig Avenue
West Seneca, NY 14224

       And

AMERICAN RED CROSS NEW YORK CHAPTER INC.

d/b/a AMERICAN RED CROSS

540 West 49th Street
New York, NY 10019


                                    Defendant(s)

_____

To the Defendant(s):

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff s Attorney within 20 days after the service of this summons exclusive of the day of service, where service is made by delivery upon you personally within the State, or within 30 days after completion of service where service is made in any other manner.

In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Plaintiff designates Erie County as the place of trial.  The basis of venue is Defendant's residence.

Case 1:22-cv-00013-GWC   Document 1-2   Filed 01/06/22   Page 2 of 9

Dated:  December 6, 2021
Hamburg, New York

_____
John J. Keenan, Esq.
Attorney for Plaintiff
3123 Cloverbank Road,
Hamburg, New York 14075
Phone 716-649-2185
Fax 866-335-6823

Case 1:22-cv-00013-GWC   Document 1-2   Filed 01/06/22   Page 3 of 9

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE


HILLVIEW FARMS TRUCKING INC.

4303 Rt. 20A
Warsaw, NY 14569

                              Plaintiff(s),


            v.                           **COMPLAINT**

                                         Index No.

THOMAS T. WESOLOWSKI

29 Ludwig Avenue
West Seneca, NY 14224

        And

AMERICAN RED CROSS NEW YORK CHAPTER INC.

d/b/a AMERICAN RED CROSS

540 West 49th Street
New York, NY 10019


                              Defendant(s)

_____

**PARTIES**

The Plaintiff, Hillview Farms Trucking, complaining of the Defendants, Thomas T.

Wesoloski and American Red Cross New York Chapter Inc., by and through its attorney

John J Keenan alleges as follows:

1.  Hillview Farms Trucking ("Hillview" or the "Plaintiff") is a domestic for-profit

    corporation organized and existing under the laws of the State of New York with

    a principal place of business located at 4303 Rt. 20A, Warsaw, Wyoming County,

    New York.

1

2. Thomas T. Wesolowski, ("Wesolowski") is a natural person with a place of residence at 29 Ludwig Avenue, West Seneca, Erie County, NY 14224.

3. American Red Cross New York Chapter Inc., d/b/a American Red Cross ("Red Cross") is a domestic not for profit corporation organized under the laws of New York State with a principal place of business at 540 West 49th Street, New York, New York County, New York 10019.

4. Wesolowski and Red Cross may be referred to collectively as the "Defendants"

**VENUE**

5. Venue is correct in Erie County and is based on the residence of Wesolowski.

**BACKGROUND**

6. Plaintiff contracted to participate in the milling and repaving of sections of Interstate 290.

7. As part of the responsibilities under that contract, Plaintiff was required to transport material by means of its dump truck to the rock quarry off Interstate 90.

8. After traveling to the rock quarry on Tuesday, July 2021, the dump truck owned by the Plaintiff was driving on the shoulder and attempting to reenter Interstate 90 at 11:21 PM.

9. The Plaintiff's truck was displaying all the regular lights required by law such as taillights and headlights.

10. Additionally, the truck was displaying flashing yellow lights which were required for the specific repaving project.

11. All the above referenced lights were illuminated at all relevant times.

12. Plaintiff's truck was operated by David J. Gierlinger.

2

13. At approximately 11:21 PM, Plaintiff's truck was driving on the shoulder to prepare to reenter Interstate 90.

14. Defendants' vehicle which was later described by New York State Police as travelling, "At a high rate of speed", collided with the back of Plaintiff's truck.

15. Defendants' vehicle was operated by Wesolowski.

16. Both vehicles were extensively damaged and had to be towed from the scene of the collision.

17. Wesolowski was injured and had to be cut from his vehicle.

18. Wesolowski was transported to Erie County Medical Centre.

19. As a result of the collision, Plaintiff's truck was extensively damaged and was out of service for sixty-two days while it was being repaired.

20. Because the vehicle was out of service and could not be used while it was being repaired, the Plaintiff lost extensive revenue since the truck was not able to be used.

21. The amount of lost revenue is $49,104.

AS AND FOR A FIRST CAUSE OF ACTION AGAINST THOMAS T. WESOLOWSKI AND AMERICAN RED CROSS NEW YORK CHAPTER INC.

**<u>Negligence</u>**

22. Plaintiff repeats and realleges paragraphs numbered 1 through 21 as if fully set forth herein.

23. As previously stated, Plaintiff as performing a contract for milling and repaving on Interstate 290.

24. As part of its contractual duties Plaintiffs' truck had to attend at the rock quarry located off Interstate 90.

3

25. On or about Tuesday, July 20, 2021, at approximately 11:21 PM Plaintiff's truck was attempting to enter Interstate 90 and was driving on the shoulder of the highway.

26. Plaintiff's truck was displaying all illuminated lights required by law or regulation.

27. Plaintiff was attempting to reach sufficient speed before entering the right-hand lane of Interstate 90.

28. While driving on the shoulder Plaintiff's truck was struck from the rear by Defendants' vehicle.

29. Both vehicles were extensively damaged.

30. Wesolowski failed to use due care and caution in operating his motor vehicle.

31. Wesolowski failed to keep a proper watch while operating his motor vehicle.

32. Wesolowski failed to operate his motor vehicle in a safe manner.

33. Wesolowski failed to obey speed limits and/or use speeds which were proper for the condition of the highway.

34. Wesolowski failed to yield to a work vehicle displaying flashing yellow lights.

35. Wesolowski failed to use due care and caution when approaching a work vehicle displaying flashing yellow lights.

36. On account of the foregoing, Wesolowski operated his vehicle in a negligent manner.

37. Red Cross is vicariously liable for the acts of Wesolowski by statute.

38. On account of the foregoing acts of the Defendants Plaintiff's vehicle was out of service being repaired for 62 days.

4

39. On account of the foregoing Plaintiff lost revenue for the use of the Plaintiff's truck for 62 days.

40. On account of the foregoing Plaintiff lost revenue in the amount of $49,104.

41. On account of the foregoing the Plaintiff is entitled to damages for lost revenue in the amount of $49,104, along with statutory interest from July 20, 2021

AS AND FOR A SECOND CAUSE OF ACTION AGAINST THOMAS T. WESOLOWSKI AND AMERICAN RED CROSS NEW YORK CHAPTER INC.

## Negligence

42. Plaintiff repeats and realleges paragraphs numbered 1 through 41 as if fully set forth herein.

43. As previously stated, Plaintiff was performing a contract for milling and repaving on Interstate 290.

44. As part of its contractual duties Plaintiffs' truck had to attend at the rock quarry located off Interstate 90.

45. On or about Tuesday, July 20, 2021, at approximately 11:21 PM Plaintiff's truck was attempting to enter Interstate 90 and was driving on the shoulder of the highway.

46. Plaintiff's truck was displaying all illuminated lights required by law or regulation.

47. Plaintiff was attempting to reach sufficient speed before entering the right-hand lane of Interstate 90.

48. While driving on the shoulder Plaintiff's truck was struck from the rear by Defendants' vehicle.

49. Both vehicles were extensively damaged.

50. Wesolowski failed to use due care and caution in operating his motor vehicle.

5

51. Wesolowski failed to keep a proper watch while operating his motor vehicle.

52. Wesolowski failed to operate his motor vehicle in a safe manner.

53. Wesolowski failed to obey speed limits and/or use speeds which were proper for the condition of the highway.

54. Wesolowski failed to yield to a work vehicle displaying flashing yellow lights.

55. Wesolowski failed to use due care and caution when approaching a work vehicle displaying flashing yellow lights.

56. On account of the foregoing, Wesolowski operated his vehicle in a negligent manner.

57. Red Cross is vicariously liable for the acts of Wesolowski by statute.

58. On account of the foregoing acts of the Defendants Plaintiff's vehicle suffered damages in excess of $24,000.

59. On account of the foregoing acts of the Defendants, Plaintiff will have to pay an insurance deductible in the amount of $1,000.

60. Plaintiff is entitled to the cost of any repairs which are not paid by its insurance carrier.

61. On account of the foregoing, Plaintiff is entitled on this cause of action to an amount to be determined at the trial of this matter but in no case less than $1,000 along with statutory interest.

THEREFORE, Hillview Farms Trucking Inc. requests an order and judgment of the Court against Thomas T. Wesolowski and American Red Cross New York Chapter Inc.as follows:

a. On the first cause of action in the amount of $49,104; and

6

b. On the second cause of action in an amount to be determined at trial but not less than $1,000; and

c. Statutory interest from July 20, 2021; and

d. Costs and disbursements; along with

e. Such other and further relief as the Court deems just.


Dated:  December 6, 2021
Hamburg, NY



_____

John J. Keenan, Esq.
Attorney for Plaintiffs
3123 Cloverbank Road,
Hamburg, New York 14075
Phone 716-649-2185
Fax 866-335-6823

7